## PEOPLE *ex·rel.* CROUSE *v.* LEAVITT, Sheriff.

### (*Supreme Court, General Term, Third Department.* July 11, 1891.)

1. BASTARDY—PROCEDURE—ORDER OF FILIATION.

In bastardy proceedings under Code Crim. Proc. N. Y. § 850, which provides that, if the magistrates determine that defendant is the father, "they must make

an order of filiation, specifying therein the sum to be paid weekly or otherwise by
the defendant for the support of the bastard," the order of filiation required de-
fendant to pay to the overseer of the poor for the support of the bastard the weekly
sum of $1.50 "so long as the said child shall continue chargeable to said county."
*Held* that, though Laws N. Y. 1886, c. 155, makes each town in the county in which
the proceeding was had chargeable with its own poor, the use of the word "county"
instead of "town" was harmless, since the undertaking required of defendant was
prescribed by Code Crim. Proc. N. Y. § 851, and defendant was committed until he
should be discharged, "or deliver an undertaking required by said justices, as pre-
scribed by section 851 of the Code of Criminal Procedure."

**2. SAME—SUPPORT OF MOTHER.**
  Under Code Crim. Proc. N. Y. § 850, which provides that, if the justices in a bas-
tardy proceeding determined that defendant is the father, and if the mother be in-
digent, they shall specify in the order of filiation "the sum to be paid by the de-
fendant for her support during her confinement and recovery," the order need not
specify to whom the money for the support of the mother shall be paid.

Appeal from order of Fulton county judge.

Application by Orville Crouse for a writ of *habeas corpus* to John E. Leavitt,
as sheriff of Fulton county. The writ was dismissed, and relator appeals.

Argued before LEARNED, P. J., and LANDON and MAYHAM, JJ.

*Frank B. Townan,* for appellant. *Keck & Smith,* (*Philip Keck,* of coun-
sel,) for respondent.

LANDON, J. The relator was committed to the jail of Fulton county by
two justices of the peace sitting in a bastardy proceeding instituted against
him. The relator asked to be discharged because of alleged jurisdictional
errors and defects in the order of the magistrates upon which the commit-
ment was based. Sections 850–852 of the Code of Criminal Procedure pre-
scribe the practice and duty of the magistrates, so far as the question pre-
sented is involved. Section 850 provides that, "if they determine that he is
the father, they must make an order of filiation, specifying therein the sum
to be paid weekly or otherwise by the defendant for the support of the bas-
tard; and, if the mother be indigent, the sum to be paid by the defendant for
her support during her confinement and recovery." The order herein is
challenged as erroneous in two particulars. Under the statute applicable
to the support of the poor in Fulton county, each town is chargeable with
the support of its own poor. Chapter 155, Laws 1886. The order in question
requires "that the said defendant pay to the said overseer of the poor, for the
support of the said bastard, the weekly sum of $1.50 so long as the said child
shall continue chargeable to said county." The use of the word "county"
instead of "town" was in no way prejudicial to the relator, since the under-
taking required of the relator is prescribed by section 851, and it appears by
the commitment that the relator was committed until he should be discharged
by the court of sessions, "or deliver an undertaking required by said justices,
as prescribed by section 851 of the Code of Criminal Procedure." The addi-
tion, "so long as the said child shall continue chargeable to the said county,"
was not required by the order to be inserted in the undertaking. No such
provision is required by section 850 of the Code. It imposed no burden or
penalty upon the relator, and subjected him to no illegal requirement. It
was therefore harmless surplusage. The order of the magistrates further
stated: "We finding the said mother is in indigent circumstances, we deter-
mine and order that the said defendant pay to the said ———, for the support
of the said mother during her confinement and recovery therefrom, the sum
of fifteen dollars." It is not stated in the order to whom the sum is to be
paid. Section 850 does not require that it shall be so stated in the order. It
was, however, properly payable to the overseer of the poor of the town.
Section 851 requires that the undertaking to be given shall embrace this sum
in addition to the weekly allowance. The relator was thus instructed that it
should be included in the undertaking which the order required to be given
to the overseer of the poor, and the commitment recites in substance that such

was the requirement of the order. The order is simply defective in appearance, but not in legal substance. It certainly imposed no illegal burden upon the relator, nor left him in ignorance of the means by which he could escape commitment. The magistrates in their order certified the costs of arresting the defendant and of the order of filiation as $43.30, and required the relator to pay them. The commitment recites that he refused to pay them, but the commitment does not require their payment as the condition of relator's discharge. In this respect less was required than ought to have been exacted. Nothing has been required of the relator in excess of the jurisdiction of the magistrates to impose, and he has been favored by the omission of an exaction which ought not to have been waived. The order of the magistrates is not invalid because it contains inoperative and unnecessary words, or omits what the law implies, but does not require, to be expressed. Order affirmed. All concur.